UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNELL WILLIAMS, )
      Petitioner, )
) No. 1:15-cv-983
-v- )
) HONORABLE PAUL L. MALONEY
SHERRY L. BURT, )
      Respondent. )
_____)

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING A CERTIFICATE OF APPEALABILITY, AND DISMISSING HABEAS PETITION AS BARRED BY STATUTE OF LIMITATIONS**

Donnell Williams filed a habeas petition under 28 U.S.C. § 2254. Williams was convicted by a Michigan Court in 2010. He filed his habeas petition on September 25, 2015.

The magistrate judge reviewed the petition and issued a report recommending the petition be dismissed. (ECF No. 12.) The magistrate judge concluded that the petition was filed approximately one month after the one-year statute of limitations expired. The magistrate judge also found that Williams had not provided any basis for tolling the limitations period. Williams filed an objection. (ECF No. 13.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Having reviewed the recommendations and the objections de novo, the Report and Recommendation is **ADOPTED** as the opinion of this Court. The statutory limitation period was

tolled during the time Williams filed his 6.500 motion, until the Michigan Supreme Court denied him leave to appeal. Excluding that time from the calculation, Williams did not timely file his § 2254 petition. Williams has not established that the statutory limitation period should be tolled for any other reason. Although he has been contesting his conviction through the state court system, Williams has not identified any barriers that prevented him from timely filing his petition in federal court. As recommended by the magistrate judge, the petition is **DISMISSED AS TIME-BARRED.**

Furthermore, the Court **DENIES** a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Here, reasonable jurists would not disagree that Williams' petition was filed after the statute of limitations expired.

**IT IS SO ORDERED.**

Date:   November 9, 2015                                          /s/ Paul L. Maloney
                                                                  Paul L. Maloney
                                                                  United States District Judge